UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**BRANDON KEELING**                                                                                    **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO. 3:22-CV-P466-JHM**

**GARNETT HOSPITATLITY et al.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Brandon Keeling, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff sues Garnett Hospitality, owner of the Tru Hotel in Louisville, Kentucky; Commonwealth Hotel, the management group for the Tru Hotel; Allianz Global, Tru Hotel's insurance company; the Tru Hotel; and in his individual and official capacities John Matthews, the Tru Hotel's hotel clerk/night auditor. Plaintiff alleges that his Fourth Amendment rights were violated when on the morning of September 8, 2021, Jasmine Southwick, presumably a friend of Plaintiff's, extended her stay in the hotel for an additional three days. He maintains that the extended reservation was placed in Plaintiff's name, even though according to Plaintiff, the extension of the reservation "was to be kept in her name." Plaintiff alleges that putting the hotel room in his name violated the hotel's policies and procedures because no hotel employee looked at his identification, obtained his consent, obtained his signature, or even "set[] eyes" on him.

Plaintiff next alleges that at around 3:00 p.m. the same day "hotel staff provided law enforcement with a key to [his room] without seeing or having a valid search warrant" in violation of his Fourth Amendment rights. As a result, Plaintiff continues, he was pulled out of the room while "naked and asleep" and placed in the hotel hallway "in the eye of the public to be embarrassed and humiliated."

Plaintiff further states that he sent a letter to the Tru Hotel attempting to "resolve this issue" and received a letter from Allianz Global stating that it had determined that there was no negligence or liability on the part of the Tru Hotel. He also alleges that Defendant Matthews violated his Fourth Amendment right by placing the reservation in his name and providing law enforcement the key to the room.

As relief, Plaintiff asks for $10,000,000.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and

accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Claim related to putting the room under Plaintiff's name

Plaintiff alleges that when, on the morning of September 8, 2021, Ms. Southwick extended her stay in the hotel, the extended reservation was placed in Plaintiff's name, even though according to Plaintiff, the extension of the reservation "was to be kept in her name." Plaintiff alleges that by putting the hotel room in his name Defendant Matthew's violated the Fourth Amendment and the hotel's policies and procedures.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Fourth Amendment, which applies to the states through incorporation by the Fourteenth Amendment, protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has stated that the Fourth Amendment protections against unreasonable searches and seizures apply to individuals in hotel rooms. *Hoffa v. United States*, 385 U.S. 293, 301 (1966).

Plaintiff does not explain how by simply putting the hotel room in his name Defendant Matthews violated the Fourth Amendment. Plaintiff's allegation that by doing so Defendant Matthew's violated hotel policies and procedures does not translate into a constitutional violation. Even in the prison context, the failure of officials to follow institutional procedures or policies does not amount to a constitutional claim. *See, e.g.*, *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Johnson v. Young*, No. 3:21-CV-P411-GNS, 2021 WL 5567307, at *4 (W.D. Ky. Nov. 29, 2021) ("[T]he failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim."); *Barhite v. Brown*, No. 1:14-CV-218, 2014 WL 2918550, at *16 (W.D. Mich. June 26, 2014) ("[A] violation of prison policy does not give rise to a claim in itself[.]").

Regardless, "[a] plaintiff may not proceed under § 1983 against a private party [like Defendant Matthews] 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999)). "[T]here are exceptions to that general rule: where a private entity performs a public function, acts as the result of state compulsion, or has a nexus to the state." *Mattox v. Memphis Police Dep't*, No. 19-6114, 2020 WL 5872747, at *2 (6th Cir. Feb. 18, 2020) (holding that plaintiff did not state plausible claim against Holiday Inn because he failed to allege that any of the three exceptions applied) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

Here, Plaintiff does not plausibly allege that Defendant Matthews's action in placing the room in Plaintiff's name was a constitutional violation, nor does he allege that Defendant Matthews was acting as a state actor when he did so. Consequently, the Court will dismiss this claim for failure to state a claim upon which relief will be granted.

### B. Claim related to providing a key to his room

Plaintiff alleges that "hotel staff provided law enforcement with a key to [his room] without seeing or having a valid search warrant" in violation of his Fourth Amendment rights.

Once again, Plaintiff makes no allegations that would support a theory that any Defendant was acting as a state actor in merely providing a room key to law enforcement without being shown a valid search warrant, and his Fourth Amendment claim related to providing a key fails on this ground. *See Mattox*, 2020 WL 5872747, at *2; *Yaeger v. Lively*, No. 8:18-cv-2474, 2018 WL 10582187, at *1 (M.D. Fla. Nov. 20, 2018) ("[Plaintiff] cannot pursue a civil rights claim against either [the motel] or . . . the motel manager [for violating his Fourth Amendment rights based on a warrantless search after manager authorized forcible entry into hotel room] because they are not state actors who acted under the color of state law.").

5

Additionally, the Court notes that Plaintiff is currently facing federal criminal charges in this Court of conspiring to possess and distribute 50 grams or more of a substance containing methamphetamine and possession of a firearm in furtherance of a drug trafficking crime on September 8, 2021. *United States v. Brandon Keeling*, 3:21-cr-130-DJH.[1] The plea agreement in the criminal case, which Plaintiff signed, and which was accepted by the Court, plainly states that on September 8, 2021, the U.S. Marshal's Service executed an arrest warrant for Plaintiff at the Tru Hotel in Louisville, Kentucky, and that a search incident to the arrest of Plaintiff's hotel room revealed dugs and firearms. *United States v. Brandon Keeling*, 3:21-cr-130-DJH, DNs 47 and 48. Plaintiff, disingenuously, does not include in his complaint the fact that there was an arrest warrant.

Judgement has not yet been entered in Plaintiff's criminal case. Because Plaintiff's complaint fails to state a viable § 1983 claim for violation of the Fourth Amendment by Defendants, there is no need for the Court to address "whether this action would otherwise have to be stayed pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007) (referencing the 'common practice' of staying a civil action pending the resolution of an underlying criminal prosecution) pending the conclusion of the related criminal charges against him." *Taylor v. Smith*, No. 3:20-CV-00747, 2020 WL 5407731, at *3 (M.D. Tenn. Sept. 9, 2020).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: May 26, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

---

[1] A court may take judicial notice of its own records. *Graminex, L.L.C. v. Aktiebolaget Cernelle*, 451 F. Supp. 3d 732, 738 (E.D. Mich. 2020) (citing Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977)).